## STANBURY, Inc., v. MASSACHUSETTS BONDING & INSURANCE CO.

United States District Court
S. D. New York.
May 17, 1950.

546

Samuel B. Weingrad, New York City, for plaintiff.

Alfred C. Bennett, New York City, for defendant.

MEDINA, District Judge.

Defendant herein moves under Rule 12 (b) (6), Federal Rules of Civil Procedure, 28 U.S.C.A. to dismiss plaintiff's second "cause of action" for failure to state a claim upon which relief may be granted.

Plaintiff's two claims arise out of a bond and agreement of indemnity in the amount of $10,000, issued by defendant to plaintiff, whereby defendant agreed to indemnify plaintiff against loss consequent upon the dishonesty or default of one Frank Lamanta, one of plaintiff's employees. After the bond had been issued Lamantia embezzled personal property belonging to the plaintiff of the value of $25,695.

Plaintiff sues on the bond and agreement in the first "cause of action" asking $10,-000 damages in accordance with the terms of the contract. In the second "cause of action," which defendant here moves to dismiss, plaintiff attempts to state a claim sounding in tort for misrepresentation and deceit, and asks for judgment in the amount of $25,695.

Plaintiff alleges a custom and usage whereby bonding companies investigate the prior records of employees for whom indemnity bonds are sought; that plaintiff relied upon this custom and usage; that defendant failed to investigate Lamantia with care, that if defendant had carefully investigated, it would have discovered that Lamantia had been arrested for burglary, breaking and entry in 1933 and would have refused to issue its fidelity bond, and that, in that event, the plaintiff would not have continued Lamantia in its employ.

Plaintiff's theory appears to be that, by issuing the bond, defendant impliedly represented that it had investigated Lamantia, had represented that he was a good risk, and had represented that the plaintiff could continue his employment with confidence in his integrity.

Elementary principles of tort law require the dismissal of this claim.

First of all, the defendant made no representation. Even had it known of the prior arrest, non-disclosure of that fact would be a misrepresentation only if defendant was under a duty to disclose such information. Restatement, Torts § 551 (1938); Prosser on Torts 724 (1941). Defendant was under no such duty. By issuing the bond it assumed the risk of defalcations by Lamantia, limiting its liability, however, to the amount of $10,000 and the only duty it assumed thereby was to indemnify plaintiff up to the amount of $10,-000 on certain contingencies.

Defendant is not alleged to have had any knowledge that plaintiff would rely on the issuance of the bond as an assurance of Lamantia's reliability, nor is it alleged that defendant intended to induce plaintiff to rely upon any such representation. Accordingly, if there was any reliance by the plaintiff upon some assumed investigation of Lamantia by defendant, such reliance, as far as is disclosed by the complaint, was wholly without justification.

Motion granted. Settle order on notice.