## No. 16,996.

JOHNSON ET AL. *v.* FEDERAL HOUSING ADMINISTRATION ET AL.

(261 P. [2d] 161)

Decided August 24, 1953.   Rehearing denied September 14, 1953.

Messrs. McDOUGAL, KLINGSMITH & ROGERS, for plaintiff in error.

Mr. CHARLES S. VIGIL, Mr. CLIFFORD C. CHITTIM, for defendants in error.

*En Banc.*

MR. CHIEF JUSTICE STONE delivered the opinion of the court.

FRANK R. JOHNSON and Berdie Lee Johnson brought suit against defendants in error and one Hummel. From

their complaint and exhibits it appears that they entered into contract with Hummel for purchase of a parcel of land upon which Hummel was to erect a house financed by means of an FHA loan; that said loan "was to be handled through the Farmers State Bank of Ft. Morgan, Colorado;" that said bank made application to defendants for mortgage insurance on such loan, accompanied by a check for reimbursement to the Commissioner for costs of appraisal. It is alleged that Federal Housing Administration and Richards caused inspection of the property to be made and that it was their duty under the Federal Housing Act, among other alleged duties, to see that the house was erected on valid ground; that debris and organic materials were removed; "that the excavation for foundation would extend to a level which would provide adequate bearing;" and to require reinforcements of the foundations and footings and to see that "the poured concrete foundations were of good quality."

It is then alleged that the defendant Federal Housing Administration and its commissioner "violated" said duties in many respects as therein set out, and were guilty of negligence therein consisting of a reckless and wilful disregard of the rights and safety of plaintiffs, wherefore actual and exemplary damages are sought, together with protection of plaintiffs from their liability on their note and mortgage to the bank. Upon motion of the defendants in error, judgment of dismissal was entered as to them, of which plaintiffs seek reversal.

In argument here it is asserted that "Hummel entered into a contract with the Federal Housing Administration whereby he applied for an FHA loan." In fact, the Farmers State Bank of Fort Morgan, Colorado, as mortgagee, made mortgagee's application for mortgage insurance by the Federal Housing Administration under section 203 of the National Housing Act, reciting that it proposed to make a mortgage loan on said property, and Hummel signed a mortgagor's statement attached thereto. There-

after, a similar application was made by said bank with mortgagor's statement signed by plaintiffs.

There was no contract between either Hummel or plaintiffs and Federal Housing Administration. The only contract apparent is that resulting from acceptance by Federal Housing Administration of the application by the bank for insurance of the mortgage which it proposed to take on the property, and that is the extent of the authority of the commissioner under section 203 of the National Housing Act.

Neither plaintiffs nor Hummel were parties to this agreement and it was not made for their benefit, but for protection of the bank as their mortgagee. Any inspection of the premises thereunder was neither for their benefit nor that of the bank, but for protection of the Federal Housing Administration as insurer of the mortgage. The Federal Housing Administration was not in privity with plaintiffs; they paid it for no service; it owed them no duty. *Stanbury, Inc. v. Massachusetts Bonding & Insurance Co,* 90 F. Supp. 545; *Saligman v. United States,* 56 F. Supp. 505.

Plaintiffs rely on *Sheridan v. Aetna Casualty & Surety Co.,* 3 Wash. (2d) 423, 100 P. (2d) 1024. There, liability of insurer of an elevator was predicated on the fact that it had agreed to perform for the owners the duty of inspecting the elevator and periodically reporting its condition to the building department of the city, and was negligent therein. Here no such agreement exists or is within the corporate authority of defendant Federal Housing Administration.

The judgment is affirmed.